OPINION OF THE COURT
Carl S. Wolfson, J.
FINDINGS OF FACT
On or about 3:00 a.m. on May 28, 1983, on Route 376, in the Town of Wappinger, County of Dutchess, State of New York, the Dutchess County Sheriff established a roadblock with the avowed and express purpose of screening drivers, in an attempt to identify persons operating motor vehicles under the influence of alcohol. At the afore-mentioned time and place, every car passing the roadblock location was stopped by the uniformed deputy sheriff on duty, in order to make observations of the operators in an attempt to determine if they were intoxicated.
Shortly after the roadblock was established, Deputy Sheriff Price stopped the defendant’s vehicle. The uniformed deputy sheriff stood in the middle of the road and signaled the defendant to stop his vehicle. The defendant stopped his vehicle in a normal manner. Deputy Price walked over to driver’s side of the vehicle, and shined his light into the vehicle. The deputy sheriff observed defendant’s eyes to be bloodshot. The defendant, without being asked, rolled down his window and spoke to the deputy sheriff who noticed the odor of alcoholic beverages upon the defendant’s breath.
*618 As a result of the deputy’s observation of bloodshot eyes, and the odor of alcohol upon the defendant’s breath, he asked the defendant to pull the car over to the side of the road for further investigation.
All of the cars which passed the roadblock on the night in question were stopped, and all operators of all of the motor vehicles were observed in the same manner as this defendant.
Subsequent to the defendant being asked to pull over to the side of the road, he was asked to exit the motor vehicle, at which time the deputy sheriff observed the defendant’s speech to be slightly slurred, and again detected an odor of alcohol upon the defendant’s breath, and concluded that the defendant’s ability to operate a motor vehicle might be impaired.
Defendant was asked whether he had been drinking and responded “Yes”. When asked what he was drinking, he responded beer. When asked how much he was drinking, he responded “7 beers” at Howard Johnson’s, where he worked, and 4 beers at Smiles Bar on Route 376. Defendant was thereafter placed under arrest and charged with driving while intoxicated (DWI).
CONCLUSIONS OF LAW
The court is unable to discover any reported case in the State of New York which deals directly with the question of DWI roadblock. Accordingly, a review of applicable decisions in this and other jurisdictions is required.
The leading case in this area appears to be Delaware v Prouse (440 US 648). There, the United States Supreme Court enunciated the proposition that the stopping of a vehicle at a roadblock, conducted for any purpose, is a seizure within the meaning of the Fourth Amendment (see, also, United States v Martinez-Fuerte, 428 US 543). In the Prouse case (supra), the court, in declaring the action of the Delaware State Police unconstitutional and violative of the defendant’s rights under the Fourth Amendment, held that under proper circumstances a roadblock would be constitutional. As part of its decision, the court clearly indicated that roadblocks, properly conducted, would not be violative *619 of an individual’s Fourth Amendment rights. It specifically stated (p 663) that “[questioning of all oncoming traffic at roadblock-type stops is one possible alternative.”
In United States v Martinez-Fuerte (supra), the Supreme Court upheld a roadblock set up by the Immigration Service. The court took note of the fact that the roadblock resulted in no physical intrusion into a vehicle nor a search of the vehicle or its occupant. It was considered important that only a visual inspection of the vehicle and its contents was conducted and the inspection was limited to what could be seen with the naked eye and without search. The court also took note of the fact that the stops were conducted in a regular and nonarbitrary manner and limited in scope.
The United States Circuit Court of Appeals for the Fifth Circuit has had occasion to find constitutional and proper, roadblocks established with the proper safeguards, in accordance with the rules set forth by the courts. (United States v Miller, 608 F2d 1089.)
The New York State Court of Appeals in People v Ingle (36 NY2d 413) also adhered to the same proposition that arbitrary motor vehicle stops are violative of a motorist’s individual rights to be free from State intrusion. However, in Ingle (supra), Chief Judge Breitel, speaking for a unanimous court, indicated that the State has a “vital and compelling interest in safety on the highways” (36 NY2d 413, 419). The court indicated (p 420) “the interest of the State in insuring highway safety outweighs the minor intrusion caused by nonarbitrary, uniform and systematic inspection. The purpose and effect, of course, is, in a difficult area, not to leave police discretion wholly untrammeled. Hence, stops and inspections at roadblocks, checkpoints, weighing stations, and the like, satisfy constitutional requirements”.
In Commonwealth v McGeoghegan (389 Mass 137, 449 NE2d 349), the Superior Court of the State of Massachusetts, in its decision dated May 11, 1983, held that a particular roadblopk was unconstitutional and violative of the defendant’s rights. However, the Massachusetts court indicated that under the proper circumstances roadblocks, even for the avowed purpose of detecting intoxicated driv *620 ers, could meet the constitutional restrictions and be valid. That court set forth certain criteria for a valid roadblock. These criteria include:
(1) That the inconvenience to the motorist be minimized.
(2) That the selection procedure not be arbitrary.
(3) That the safety of the motorist be assured.
(4) That the roadblock be systematic in nature.
(5) That the roadblock be established pursuant to a prearranged plan of law enforcement agency, established by supervisory personnel. (Commonwealth v McGeoghegan (389 Mass 137,_, 449 NE2d 349, 353, supra.)
In Garrett v Goodwin (569 F Supp 106, 113), the United States District Court for the Eastern District of Arkansas, under a consent decree, dealt with a saturation roadblock established by the police in order to “make many arrest[s] for offenses ranging from DWI, Wanted Persons”.
In State v Coccomo (177 NJ Super 575), a New Jersey roadblock established for the sole purpose of detecting intoxicated drivers, and with a minimal inconvenience to the operator, and with minimal constitutional intrusion into the automobile was held valid. The court found that the State’s vital interest in promoting public safety on the highway by detecting intoxicated drivers is an important element that must be considered in balancing the Fourth Amendment rights of the motorist to personal security. (State v Coccomo, 177 NJ Super, at pp 582-584.) The reasonableness of the seizure must be balanced, along with the interest in an individual’s right to personal security. (United States v Brignoni-Ponce, 422 US 873.)
This court is aware of the fact that drunk drivers are a hazard to the driving public as well as to the pedestrian traffic. In addition, the highly mobile and visible nature of automobiles has traditionally resulted in an individual’s “lesser expectation of privacy” while driving an automobile than in one’s home or other constitutionally protected areas. (United States v Knotts, 460 US 276; United States v Martinez-Fuerte, supra; Cardwell v Lewis, 417 US 583.) Furthermore, the deaths and serious injuries caused by intoxicated drivers have resulted in the enactment of stricter laws regarding the apprehension and punishment *621 of a drunk driver. (Revision of New York State Vehicle and Traffic Law, § 1192.)
Applying the foregoing criteria to the case at bar, the court finds that all of the necessary elements to establish a valid and constitutional roadblock were present in the instant case. The stop of the defendant’s car was neither arbitrary nor unusual, but pursuant to a plan of supervisory personnel whereby each and every vehicle passing a pre-established checkpoint was stopped. In addition, there was minimal intrusion by the uniformed deputy sheriff to the privacy of the defendant. The Sheriff testified without contradiction that all that was done to each car passing the roadblock was for the deputy to shine the flashlight into the interior of the vehicle, and to look at the operator. In the instant case, it is admitted that the driver, without request on behalf of the deputy sheriff, rolled down his window and spoke to the deputy. The officer then detected the odor of an alcoholic beverage upon the breath of the defendant, and requested him to pull his car over to the side. Thus, the grounds for the officer to continue his investigation as to the possible intoxication of the driver came as a result not of an unconstitutional intrusion into the defendant’s privacy, but as a result of the actions of the driver. It is apparent that had the driver said nothing, not rolled down his window, nor spoke to the police officer, he would have been permitted to proceed.
Finally, the testimony before the court indicates that the roadblock was set up pursuant to a plan authorized by supervisory personnel of the Sheriff’s Department of Dutchess County with the specific aim of detecting intoxicated drivers at a specific location during a specific time period.
The court therefore concludes that upon the facts presented, the criteria established for this roadblock protected the individual’s constitutional rights. Accordingly, defendant’s motion to dismiss is denied.
Matter set down for further proceedings on February 2, 1984.